**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

KENNETH PEYTON                                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:14cv780-HTW-LRA

WEXFORD HEALTH SERVICE, ET AL                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Kenneth Peyton failed to appear at the omnibus hearing which was scheduled on October 21, 2015, before the undersigned Magistrate Judge. Defense counsel Bennie May, representing Defendant Dr. Gloria Perry, appeared at the scheduled omnibus hearing, ready to proceed. The remaining Defendants' attorneys were to appear telephonically. However, Plaintiff did not attend the hearing or contact the Court to request a continuance. He was notified of this hearing at the mailing address that he provided to the Court, being the Marshall County Correctional Facility, 833 West Street, Holly Springs, Mississippi 38635. The Writ of Habeas Corpus Ad Testificandum issued for Peyton was returned by the Mississippi Department of Corrections, along with a "Drill Down Detail Report" dated September 22, 2015 [24]. The report and the handwritten notation confirm that Peyton was released on parole on February 12, 2015, and his forwarding address was 30 Emmanuel Peyton Road, Monticello, MS  39654. The Order setting the omnibus hearing was then mailed to that address but was returned by the United States Postal Service, marked "return to sender, no mail receptacle."

An additional address was given by Plaintiff to the Court by his filing [15] on February 18, 2015. This address is 28 Long Oak Drive, Laurel, Mississippi 39443, and Plaintiff noted that he would be paroled on February 12, 2015. A copy of this Report and Recommendation will be sent to Plaintiff at this address.

At the hearing, defense counsel for Dr. Gloria Perry made an *ore tenus* motion to dismiss based on Plaintiff's failure to prosecute his claims. After the hearing, Defendant

Dr. Bennie Wright also filed a Motion to Dismiss [26] based upon Plaintiff's failure to prosecute.  The remaining served Defendants, Wexford Health Sources, Inc., Angela Brown, and Dr. James Burke, joined in the Motion to Dismiss [27].

Plaintiff filed this case, and it was his responsibility to prosecute his claims.  He was advised of that responsibility by the Court in that Order [8] filed January 12, 2015, and was warned that his "[f]ailure to advise this Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of the case." [See also Order [11] filed January 30, 2015 ("It is Plaintiff's responsibility to prosecute this case....").  He was aware that it was his responsibility to inform the Court of any address changes.  His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs.

Plaintiff has failed to abide by the orders of this Court due to his failure to attend the hearing or to keep the Court apprised of a current address.  The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*,  370 U.S. 626, 630-631 (1962).  The Court must be able to

clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that Defendants' Motions to Dismiss [26, 27, and *ore tenus*] be granted, and that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice, as long as no objections are brought by Plaintiff within the time allowed to respond to the report and recommendation or to the motions. Additionally, Dr. Bennie Wright's "Motion for Judgment on the Pleadings Based on Qualified Immunity and Lack of Jurisdiction" [19], filed on July 1, 2015, should be dismissed without prejudice.

  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  Respectfully submitted, this the 26th day of October, 2015.

                /s/ Linda R. Anderson
              UNITED STATES MAGISTRATE JUDGE